USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/19/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
ANTONIO LEON SUAREZ, et al.,                          :
                                                                           :
                                   Plaintiffs,         :
                                                                           :    1:14-cv-4246 (GHW)
                   v.                                            :
                                                                           :    MEMORANDUM OPINION
BANK OF NEW YORK, et al.,                              :    AND ORDER
                                                                           :
                                   Defendants.      :
----------------------------------------------------------------- X

GREGORY H. WOODS, District Judge:

       Plaintiffs borrowed to purchase their homes.  Their loans were transferred to residential mortgage-backed securitization ("RMBS") trusts.  Defendants are the trustees of those trusts.  Defendants collected mortgage payments from Plaintiffs and, ultimately, foreclosed on Plaintiffs' homes after they defaulted.  Plaintiffs concede that they owed the money collected, and that they were in default on their loans.  Nonetheless, Plaintiffs claim that Defendants' collection activities violated the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c) and 1964(c), because the Defendants did not properly comply with the trusts' governing documents, and the trusts were not properly formed.  Because Plaintiffs were not injured by Defendants' actions, and because Plaintiffs were not parties to or third party beneficiaries of the relevant agreements, Plaintiffs lack both Article III and prudential standing to bring this action.  Therefore, Plaintiffs' claims are dismissed with prejudice.

**I. Background**

    **A. Factual background**

       Plaintiffs in this action are individuals who own or owned homes that have been the subject of foreclosure proceedings.  Second Am. Compl. ("SAC") ¶ 1.  Plaintiffs acknowledge that they defaulted on their mortgage loans.  SAC ¶¶ 15, 40.  Defendants, the Bank of New York Mellon,

Citibank National Association, Deutsche Bank National Trust Company, HSBC Bank USA National Association, U.S. Bank National Association, and Wells Fargo Bank National Association (collectively, "Defendants"), are trustees of RMBS trusts created under New York law for the purpose of pooling residential mortgage loans, including Plaintiffs' mortgage loans. Defs.' Br. at 5-6. The trusts into which Plaintiffs' mortgages were transferred were formed pursuant to Pooling and Servicing Agreements ("PSAs"). SAC ¶ 10.

> Generally, parties to a PSA include a "depositor", who conveys the loans to the RMBS trustee in return for the certificates, the RMBS trustee (here, the Trustee Defendants), who owns and holds mortgage loans in trust for investors who buy certificates backed by the pooled mortgage loans, and a "servicer", who sees to administrative tasks involving the individual mortgage loans, such as monthly payment collection and, in cases of default, foreclosure.

*Tran et al. v. Bank of New York et al.*, No. 13-CV-580, 2014 WL 1225575, at *1 (S.D.N.Y. Mar. 24, 2014) (citation omitted), *aff'd* 610 F.App'x 82 (2d Cir. 2015). A PSA creates a trust, defines the beneficiaries of the trust, and sets forth what trustee actions are valid or invalid under the trust. SAC ¶ 20. Each PSA also specifies when the trust assets—the mortgage loans—should be delivered to the trust; generally the assets should be delivered on or before a specified closing date, but in some instances the PSA may allow for delivery up to 30 days after the closing date. SAC ¶ 22.

The crux of Plaintiffs' allegations in this suit is that Defendants did not adhere to the process requirements in the PSAs, and therefore, Plaintiffs allege, Defendants could not lawfully collect Plaintiffs' mortgage payments or foreclose on their property. Specifically, Plaintiffs allege that their mortgages were not transferred or assigned into their respective trusts within the timeframe set forth in the PSAs, and therefore the trusts were not validly formed under New York Trust Law. SAC ¶¶ 24, 26 – 28. Consequently, Plaintiffs claim that Defendants were not the legal owners of their mortgages. SAC ¶ 34. The SAC alleges that Defendants knew that they did not own Plaintiffs' mortgage loans, but nevertheless falsely represented that they owned Plaintiffs mortgages in an effort to mislead Plaintiffs about the "true ownership" of their mortgage loans. SAC ¶¶ 31 – 33,

SAC Ex. 8 – 26.  Plaintiffs further allege that, as part of a pattern of racketeering, Defendants took monthly mortgage payments from them and sought to foreclose on their properties.  SAC ¶¶ 34, 37.  Plaintiffs do not allege that they were ever asked to make duplicative mortgage payments, that Defendants asked them to pay more than they owed, or that anyone besides Defendants ever attempted to foreclose on their homes.  *See* SAC.

### B. Procedural background

Plaintiffs filed this lawsuit on June 12, 2014, and at the same time sought to have the case designated as a related case to *Tran et al. v. Bank of New York et al.*, No. 13-CV-580.  At the time this case was filed, the *Tran* plaintiffs were appealing Judge Patterson's dismissal of their claims.  Plaintiffs submitted, with their complaint, a letter requesting that the case be stayed pending the Second Circuit's decision in *Tran*.  Pls.' Letter, Aug. 11, 2014, ECF No. 4 (attaching letter dated June 11, 2014).  Plaintiffs stated that "[t]he legal issues in both cases are intertwined and the appeal decision will certainly decide the future of both."  *Id.* at 5.  When the case was assigned to this Court in August 2014, Plaintiffs sent another letter in which they stated that this case and *Tran* dealt with the same issues and causes of action, and noted that they differed with respect to "the name and number of the plaintiff [sic] but even the defendants are the same."  *Id.* at 1.

In January, the Second Circuit affirmed dismissal of the *Tran* plaintiffs' claims for lack of standing.  *Tran et al. v. Bank of New York et al.*, 592 F.App'x 24, *amended and superseded by* 610 F.App'x 82 (2d Cir. 2015).[1]  Plaintiffs filed their SAC on March 25, 2015, and on April 24, 2015 Defendants moved to dismiss, arguing (1) that Plaintiffs lack standing, (2) that the SAC fails to state a RICO claim, and (3) in the alternative, that Plaintiffs are misjoined in this action.

## II. Legal Standard

---

[1] The Second Circuit affirmed the district court's dismissal in *Tran* on January 30, 2015.  592 F.App'x 24 (2d Cir. 2015).  On July 22, 2015, a superseding order amending the caption, but not altering the substance of the order, was issued.  610 F.App'x 82 (2d Cir. 2015).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. 556).

"[T]he question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues. This inquiry involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." R*ajamin v. Deutsche Bank Nat. Trust. Co.*, 757 F.3d 79. 84 (2d Cir. 2014) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). The plaintiff bears the burden of establishing standing. *Id.* (citations omitted). "In ruling on a motion to dismiss for want of standing, the trial court must 'accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party.'" *Tran v. Bank of New York*, 2014 WL 1225575, at *3.

**III. Discussion**

Twice in the past eighteen months the Second Circuit has ruled that mortgagor-plaintiffs lack standing to pursue claims based on alleged breaches of PSAs to which the mortgagor-plaintiffs are neither parties nor intended third-party beneficiaries. *Rajamin*, 757 F.3d, at 86; *Tran*, 610 F.App'x at 83-84. The *Rajamin* plaintiffs sought relief on the basis "that parties to the assignment agreements [including PSAs] failed to comply with certain terms of those agreements." *Rajamin*, 757 F.3d at 80-81. Similarly, the *Tran* plaintiffs' claims were "predicated upon alleged breaches of the PSAs which . . . made the assignment of their mortgage loans by the original lending institution to the Trustee Defendants invalid." *Tran*, 2014 WL 1225575, at *3. In *Rajamin*, the Second Circuit held that the plaintiffs had failed to establish both Article III and prudential standing, 757 F.3d at 86, and in *Tran*, the Circuit stated that the plaintiffs "do not identify any basis for distinguishing their claim

4

from the claim at issue in *Rajamin*," and "decline[d] the invitation to revisit this Court's sound reasoning" in that case. 610 F.App'x at 83-84.

Plaintiffs now argue that the Second Circuit's summary order in *Tran*—which they previously said would decide their case—is not precedential; they also attempt to distinguish themselves from the plaintiffs in *Rajamin*. Pls.' Br. 3-5. Summary orders, however, are "persuasive authority to the extent that their factual patterns align with the instant case." *Anwar v. Fairfield Greenwich Ltd.*, 884 F.Supp.2d 92, 97 (S.D.N.Y. 2012). And, as Plaintiffs have acknowledged, the factual pattern here is virtually indistinguishable from *Tran*. Separately, and as explained more fully below, Plaintiffs' attempts to distinguish themselves from the *Rajamin* plaintiffs fail. Plaintiffs cannot meaningfully differentiate their claims from the claims at issue in *Rajamin* and *Tran*—the outcome in this case can be no different.

### A. Plaintiffs Lack Article III Standing

"The 'irreducible constitutional minimum of standing' under Article III of the Constitution includes the requirement that 'the plaintiff must have suffered an injury in fact . . . which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical.'" *Rajamin*, 757 F.3d at 85 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

In *Rajamin v. Deutsche Bank National Trust Co.*, the Second Circuit first considered mortgagor-plaintiffs' allegations that the process by which their mortgages were assigned to RMBS trusts violated the PSAs governing the trusts. *Id.* at 82-83.[2] The Court held that plaintiffs had failed to allege injury in fact as the "[c]omplaint did not allege or imply that any plaintiff . . . made loan payments in excess of amounts due, made loan payments to any entity other than defendants, or was subjected to duplicated billing or duplicate foreclosure actions," and so the injuries alleged were

---

[2] The *Rajamin* plaintiffs originally also alleged that their specific mortgages were not included in the assignment agreements, but waived that point on appeal. 757 F.3d at 90-91.

merely hypothetical. *Id.* at 83, 85-86.[3] The *Rajamin* court also observed that although the plaintiffs alleged that defendants did not legally own their mortgages, the implication that another entity did own them was "highly implausible," as no other entity had tried to collect payments or foreclose on Plaintiffs' homes, and consequently any danger of having to make duplicate payments was "entirely hypothetical." *Id.* at 85.

So too here. Like the plaintiffs in *Rajamin*, Plaintiffs do not allege that they paid more than they owed, that they were asked to pay more than they owed, that any entity other than Defendants demanded payment, or that they should not have been foreclosed upon after they defaulted on their mortgages. *See Rajamin*, 757 F.3d at 85; SAC ¶¶ 15, 40 (conceding that Plaintiffs defaulted). Plaintiffs have not alleged that they have made, or are in imminent danger of having to make, higher or duplicative mortgage payments as a result of the allegedly improper transfers.[4] As a result, as in *Rajamin*, Plaintiffs cannot establish injury in fact, and so cannot establish constitutional standing.

### B. Plaintiff's Lack Prudential Standing

In addition to lacking Article III standing, Plaintiffs lack prudential standing. Prudential standing requires a plaintiff to "assert his own legal rights and interests" and does not permit a plaintiff to "rest his claim to relief on the legal rights and interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975).

---

[3] Plaintiffs argue that the relevant inquiry is not whether they were obligated to repay their mortgage loans, but whether Defendants were entitled to collect payments and foreclose on their homes. Pls. Br. 15. Plaintiffs are incorrect, as the requirements of standing are "an indispensable part of the plaintiff's case," without which the Court cannot consider the merits of Plaintiffs' claims. *See Lujan*, 504 U.S. at 561.

[4] For the first time, in their opposition to Defendants' motion to dismiss, Plaintiffs assert that they were induced into prolonging their defaults and foreclosures, which they state caused them to pay additional fees. Pls. Br. 8. Plaintiffs provide no factual support for this statement, but refer the reader to an exhibit to their brief consisting of four articles that discuss practices of mortgage servicers generally but are devoid of any specific facts supporting the new allegation. Further, even if these articles did provide support for this assertion, they are neither exhibits to nor incorporated into the complaint, and so cannot be considered, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002), and Plaintiffs "cannot amend their pleadings through issues raised solely in their briefs." *Olde Monmouth Stock Transfer Co., Inc. v. Depository Trust & Clearing Corp.*, 485 F.Supp.2d 387, 393 (S.D.N.Y. 2007) (collecting cases).

It is now the settled law of this Circuit that any person who is not a party to a PSA lacks standing to assert a breach of the PSA, unless they are an intended beneficiary of the agreement. *Rajamin*, 757 F.3d at 87; *Tran*, 610 F.App'x at 83; *see also Barnett v. Countrywide Bank, FSB*, 60 F.Supp.3d 379 (E.D.N.Y. 2014) (relying on *Rajamin* and granting motion to dismiss for lack of standing where plaintiffs alleged that their mortgage was assigned to a trust in violation of the PSA); *Le Bouteiller v. Bank of New York Mellon*, No. 14-CV-6013, 2015 WL 5334269 (S.D.N.Y. Sept. 11, 2015) (relying on *Rajamin* and granting motion to dismiss for lack of standing where claims were premised on invalid assignment of plaintiffs mortgage); *Obal v. Deutsche Bank Nat. Trust Co.*, No. 14-CV-2463, 2015 WL 631404 (S.D.N.Y. Feb. 13, 2015) (same). Plaintiffs are not a party to the PSA and do not allege that they are an intended beneficiary of it. Thus, they have no standing to assert claims based upon the alleged noncompliance of the parties to the PSA with that instrument.

Additionally, the *Rajamin* court considered and rejected plaintiffs' attempt "to circumvent their lack of standing" by arguing that "the PSAs violated laws governing trusts." *Id.* at 87. The Second Circuit analyzed the same argument that Plaintiffs make here—namely, that the trusts are void under New York Estates, Powers and Trusts Law § 7-2.4 because the trustee's actions "did not comply with the procedural formalities that the PSAs specified," 757 F.3d at 87. The Second Circuit rejected that argument, concluding that (1) trusts were not void as "unauthorized acts of a trustee . . . are not void but voidable" and (2) "under New York law such acts are voidable only at the instance of a trust beneficiary or a person acting in his behalf." *Id.* at 90. As in *Rajamin*, Plaintiffs' arguments fail.

Plaintiffs' remaining argument—that as they have prudential standing as injured third-party non-beneficiaries of the trusts created by the PSAs—errantly conflates the analysis of Article III and prudential standing. Pls.' Br. 16-17. First, the Court observes that Plaintiffs mischaracterize the holdings of the cases cited in this portion of their brief; the cases do not stand for the propositions

Plaintiffs cite them for and do not support Plaintiffs' argument. Second, Plaintiffs have not shown an injury, and so lack standing even under the logic of their own argument. Finally, and fundamentally, as discussed above, the Second Circuit has expressly rejected Plaintiffs' argument, holding that third-party non-beneficiaries to PSAs do not have prudential standing. *Rajamin*, 757 F.3d at 87.

Because the Court holds that Plaintiffs' claims must be dismissed for lack of standing, the Court need not reach the other issues raised in the motion to dismiss. Furthermore, because Plaintiffs lack standing, any amendment of the Second Amended Complaint would be futile. Therefore, the Second Amended Complaint is dismissed with prejudice in its entirety. *See Tocker v. Phillip Morris Companies, Inc.*, 470 F.3d 481, 491 (2d Cir. 2006) ("leave to amend a complaint may be denied when amendment would be futile") (citing *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003)).

## IV. Conclusion

For the foregoing reasons, the motion to dismiss is GRANTED and the Clerk of Court is directed to close this case.

SO ORDERED.

Dated: October 19, 2015
New York, New York

GREGORY H. WOODS
United States District Judge